

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-2-2006

# Fernandes v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4205

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Fernandes v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1164.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1164

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4205
_____

BRUCE JOSEPH FERNANDES,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A72 022 843
on August 19, 2005
Immigration Judge: Annie S. Garcy

_____

Submitted Under Third Circuit LAR 34.1(a)
May 2, 2006

Before: SCIRICA, CHIEF JUDGE, BARRY AND COWEN, CIRCUIT JUDGES

(Filed:   May 2, 2006)
_____

OPINION
_____

PER CURIAM

Bruce Joseph Fernandes, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals (BIA), denying his second motion to reopen. We will deny the petition.

In removal proceedings, Fernandes filed an asylum claim. The Immigration Judge (IJ) denied relief but granted voluntary departure on July 27, 1998. The IJ denied a motion to reopen in which Fernandes claimed he was eligible to adjust status based on a labor certification on July 3, 2002, finding that Fernandes was ineligible to adjust status because he failed to depart during the period granted. The Board of Immigration Appeals (BIA) dismissed his appeal on June 26, 2003, because he failed to file a brief after stating that he would do so. Fernandes petitioned for review of that decision, and we denied the petition.[1] See Fernandes v. Attorney General, No. 03-3042 (3d Cir., July 22, 2004).

On June 10, 2005, the BIA denied as untimely a motion to reopen that Fernandes had filed on March 25, 2005. Fernandes had argued that his untimely motion was allowed due to changed country conditions, but the BIA held that he had "not provided any material evidence to support this claim." On August 19, 2005, the BIA denied a second motion to reopen as it exceeded the numerical limitations. Fernandes filed this timely petition for review of that decision. We denied his motion for a stay of removal on December 6, 2005.

---

[1] We dismissed the petition for lack of jurisdiction to the extent it attempted to challenge the earlier decision denying him asylum.

2

This court's review extends only to the BIA's order denying Fernandes' second motion to reopen. See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F.2d 1028, 1033-34 (3d Cir. 1986). The decision to deny a motion to reopen is within the Board's discretion. See 8 C.F.R. § 1003.2(a); Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). Under the regulations, the Board "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). The standard of review of an order denying a motion to reopen is very deferential. INS v. Doherty, 502 U.S. 314, 323 (1992) (stressing that motions to reopen immigration proceedings are disfavored and confining review to abuse of discretion).

Fernandes has not shown that the BIA abused its discretion in failing to reopen proceedings. Fernandes' brief states that he has a well-founded fear of persecution based on his religion and political activities. He also argues that the BIA should have granted his motion to reopen because his employer has filed a labor petition on his behalf which is pending. However, the motion to reopen did not mention any pending labor petition, and Fernandes makes no other argument that addresses how the BIA erred in denying his second motion to reopen. We will therefore deny the petition.